LORI L. WERDERITCH (SBN 247345)
LWerderitch@ggfirm.com
JOSHUA M. GELLER (SBN 295412)
JGeller@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:   310-553-3610
Facsimile:   310-553-0687

Attorneys for Defendant
Financial Industry Regulatory Authority, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD HOFMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>FIDELITY BROKERAGE SERVICES LLC (ERRONEOUSLY SUED AS FIDELITY INVESTMENT FINANCIAL SERVICES CORPORATION); FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. (ERRONEOUSLY SUED AS FEDERAL INDUSTRY REGULATORY AUTHORITY); DEPOSITORY TRUST & CLEARING CORPORATION; and DOES 3-100, Inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"),[1] by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441 and § 1446, and in accordance with 28 U.S.C. § 1331, hereby removes the above-captioned matter from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California. In support thereof, FINRA respectfully states as follows:

## I.   TIMELINESS OF REMOVAL

1. Plaintiff Richard Hofman ("Mr. Hofman") commenced a civil action on December 15, 2022, in the Superior Court of California, Los Angeles County, Case No. 22STCV38927, and captioned *Richard Hofman v. Fidelity Investment Financial Services Corporation, and Does 1 – 100, Inclusive* ("State Court Action").

2. On December 23, 2022, Mr. Hofman filed an Ex Parte Application for Temporary and Mandatory Orders and Order to Show Cause regarding Preliminary Injunction. On December 28, 2022, the Court entered a Minute Order denying Mr. Hofman's request for relief.

3. On December 29, 2022, Mr. Hofman amended his Complaint ("Amended Complaint") to name FINRA and the Depository Trust and Clearing Corporation ("DTCC") as named Defendants in lieu of "Doe" defendants one and two, respectively. The Amended Complaint was served on FINRA by personal service on January 5, 2023.

4. On February 2, 2023, Mr. Hofman filed a First Amended Complaint ("FAC")[2] which added federal law claims including alleged violations of federal RICO laws (18 U.S.C. §§ 1961-1962) (FAC ¶¶ 35, 44-46), Constitutional due

---

[1] FINRA was formerly known as National Association of Securities Dealers, Inc. ("NASD").

[2] Although Plaintiff identified this filing as the "First Amended Complaint," this filing is the second amendment Plaintiff has made to the Complaint. To avoid confusion, the pleading is referred to in this Notice of Removal as the "FAC."

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1 process (U.S. Const. Amdt. 14 and 42 U.S.C. § 1983) (FAC ¶ 36), as well as claims based upon section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a, *et seq*.), Securities and Exchange Commission ("SEC") Rule 10b-5 (17 C.F.R. §§ 240.10b-5) ("Rule 10b-5"), and SEC Regulation SHO (17 C.F.R. §§ 242.100, *et seq*.) ("Regulation SHO") (FAC ¶¶ 37-43).

5. This Notice of Removal is timely filed within thirty (30) days after receipt by FINRA of the Amended Complaint as required by 28 U.S.C. § 1446(b).[3]

6. True and correct copies of all process and pleadings served on FINRA are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).[4]

## II.  GROUNDS FOR REMOVAL

7. FINRA is a private, not-for-profit Delaware corporation and self-regulatory organization ("SRO") registered with the SEC as a national securities association pursuant to the Maloney Act of 1938, 15 U.S.C. §§ 78o-3, *et seq*., amending the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.* ("Exchange Act").  As an SRO, FINRA is part of the Exchange Act's comprehensive plan for regulating the securities markets.  *See* 15 U.S.C. §§ 78q, 78s; *Desiderio v. NASD*, 191 F.3d 198, 201 (2d Cir. 1999).

8. FINRA's regulatory duties are imposed by Congress and require FINRA to conduct daily regulation and administration of the national securities markets.  *See, e.g., Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1210-11 (9th Cir. 1998), *abrogated in part on other grounds by Merrill*

---

[3] The Amended Complaint failed to clearly articulate any basis for liability against FINRA.  *See* Am. Compl. ¶ 4 ("Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through Does 1000, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.").  The more recently filed FAC clarifies the allegations Plaintiff is asserting against FINRA, and specifically adds federal causes of action against all defendants, including FINRA.  This Notice of Removal cites to both the Amended Complaint and the FAC.

[4] On January 13, 2023, Defendant Fidelity Brokerage Services LLC ("Fidelity") filed a motion to compel arbitration against Plaintiff.

*Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374 (2016); *Turbeville v. FINRA*, 874 F.3d 1268, 1270-71 (11th Cir. 2017); *Empire Fin. Grp., Inc. v. FINRA*, 2009 U.S. Dist. LEXIS 133643, *5 (S.D. Fla. Jan. 15, 2009); *cf. DL Capital Grp., LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 95 (2d Cir. 2005) (discussing NASD); *Domestic Sec., Inc. v. SEC*, 333 F.3d 239, 241-42 (D.C. Cir. 2003) (same).

9. Among its regulatory obligations, Congress requires FINRA to establish rules "designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade, to foster cooperation and coordination with persons engaged in regulating, clearing, settling, processing information with respect to, and facilitating transactions in securities, . . . and, in general, to protect investors and the public interest. . . ." 15 U.S.C. § 78o-3(b)(6).

10. Subject to exceptions not relevant here, the SEC approves FINRA rules before they are implemented. *See id.* § 78s(b); *Shearson/American Express v. McMahon*, 482 U.S. 220, 233-234 (1987). The SEC cannot approve a proposed FINRA rule or rule amendment unless it is consistent with the Exchange Act and the rules and regulations promulgated thereunder. *See* 15 U.S.C. § 78s(b). FINRA rules are "part of the apparatus of federal securities regulation." *Kurz v. Fidelity Management & Research Co.*, 556 F.3d 639, 641 (7th Cir. 2009); *see also Empire Fin. Grp. v. FINRA, Inc.*, 2009 U.S. Dist. LEXIS 133643, *6 (S.D. Fla. Jan. 15, 2009) ("Once approved by the SEC, FINRA rules have the status of federal law.") (citing 15 U.S.C. § 78s(c)).

11. FINRA is statutorily obligated to comply with the Exchange Act, the SEC's rules and regulations, and its own rules. *See* 15 U.S.C. § 78s(g).

12. The SEC has "broad supervisory responsibilities over [SROs]" and correspondingly broad power to enforce their compliance with these obligations. *Austin Mun. Secs., Inc. v. NASD, Inc.*, 757 F.2d 676, 680 (5th Cir. 1985). Thus, "Congress has vested in the SEC the obligation of ensuring that FINRA performs its statutory responsibilities." *Empire Fin.*, 2009 U.S. Dist. LEXIS 133643, at *20.

13. Pursuant to authority delegated under the Exchange Act, FINRA performs several regulatory functions in the over-the-counter ("OTC") market, including among others, maintaining a symbols directory for OTC equity securities, *see https://otce.finra.org/otce/symbol-directory,* and adopting rules regarding quoting and trading in OTC equity securities, *see* FINRA Rule 6400 Series.

14. FINRA Rule 6440 authorizes FINRA to direct its members to halt trading and quoting in an OTC equity security when it is necessary to protect investors and the public interest, including where "FINRA determines that an extraordinary event has occurred or is ongoing that . . . has caused or has the potential to cause major disruption to the marketplace or significant uncertainty in the settlement and clearance process ('Extraordinary Event Halt')." FINRA Rule 6440(a)(3). In approving an amendment to FINRA Rule 6440, which expanded FINRA's authority to halt trading and established the Extraordinary Event Halt, the SEC recognized that FINRA "would exercise significant discretion in determining whether a particular event affecting a security warranted a trading and quotation halt." SEC Release No. 34-54952, 71 Fed. Reg at 78243. In announcing the rule change approved by the SEC, FINRA explained that it would exercise "its discretion, based on the facts and circumstances of a particular event" to determine if a trading halt "is the appropriate mechanism to protect investors and ensure a fair and orderly marketplace." NASD Notice to Members 07-22 (May 7, 2007).

15. On December 9, 2022, FINRA exercised its authority under FINRA Rule 6440 to direct its members to halt trading and quoting in an OTC equity security issued by Meta Materials, Inc. that traded under the symbol MMTLP because "an extraordinary event has occurred or is ongoing that has caused or has the potential to cause significant uncertainty in the settlement and clearance process for shares in MMTLP." *See* Am. Compl. ¶ 20; FAC ¶ 29; *see also* FINRA Rule 6440(a)(3).

16. FINRA's decision to halt trading pursuant to FINRA Rule 6440 is a

regulatory function that FINRA exercises to comply with its obligations under the Exchange Act. *See* 15 U.S.C. § 78o-3(b)(6); *see also Sparta Surgical Corp.*, 159 F.3d at 1214 ("[T]here are few functions more quintessentially regulatory than suspension of trading."); *see also Opulent Fund, L.P. v. Nasdaq Stock Mkt., Inc.*, No. C-07-03683, 2007 U.S. Dist. LEXIS 79260, *13 (N.D. Cal. 2007) (identifying suspension of trading as regulatory in nature).

17. This civil action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable by FINRA under the provisions of 28 U.S.C. § 1441 in that the matter arises under this Court's original jurisdiction and is founded on a claim or right arising under the Constitution, treaties or laws of the United States, and because Section 27 of the Exchange Act, 15 U.S.C. § 78aa, vests in federal courts exclusive jurisdiction for violations of the Exchange Act or the rules and regulations thereunder.

18. This action may be removed to this Court pursuant to 28 U.S.C. § 1331, because the FAC pleads federal claims against all defendants. The FAC added federal law claims including alleged violations of federal RICO laws (18 U.S.C. §§ 1961-1962) (FAC, ¶¶ 35, 44-46), Constitutional due process, and 42 U.S.C. § 1983 (FAC, ¶ 36). *See, e.g., Churchill Village, LLC v. General Electric*, 361 F.3d 566, 573-75 (9th Cir. 2004) (finding the district court correctly asserted jurisdiction over RICO claims that were presented on the face of the Plaintiff's complaint, without expressing an opinion regarding the likelihood of success of the claims); *see also Cabrera v. California Corr. Health Care Servs.*, 2022 U.S. Dist. LEXIS 53769, *7-8 (E.D CA March 24, 2022) (42 U.S.C. § 1943 bestows federal subject matter jurisdiction). This Court also has jurisdiction over the state law claims pleaded in the FAC pursuant to 28 U.S.C. § 1367(a). Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative facts between the state and federal claims." *Gilder v. PGA Tour,*

*Inc.,* 936 F.2d 417, 421 (9th Cir. 1991). The state law claims asserted in the FAC relate to the same nucleus of facts that form the basis for Plaintiff's federal claims.

19. This action may also be removed to this Court because Section 27 of the Exchange Act, 15 U.S.C. § 78aa, vests in federal courts exclusive jurisdiction to consider alleged violations of the Exchange Act or the rules and regulations created under its authority. It confers "exclusive federal jurisdiction of the same suits as 'aris[e] under' the Exchange Act pursuant to the general federal question statute." *Manning*, 578 U.S. at 380; *see also Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 370 (1996). The FAC adds a claim for securities fraud against all defendants, including FINRA, and alleges a violation of SEC Rule 10b-5, as well as a violation of Regulation SHO. FAC, ¶¶ 37-43.

## III. VENUE

20. Venue is proper in this district under 28 U.S.C. § 1441 because this district embraces the place where the removed action has been pending.

## IV. CONSENT TO REMOVAL

21. FINRA represents that co-defendants Fidelity and DTCC consent to this removal. FINRA has been advised that Plaintiff does not object to the removal.

## V. NOTICE OF REMOVAL TO BE GIVEN TO STATE COURT

25. As required by 28 U.S.C. § 1446(d), FINRA will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles.

26. Written notice of the filing of the Notice of Removal will be served on Mr. Hofman as required by 28 U.S.C. § 1446(d).

//
//
//
//

WHEREFORE, FINRA removes the state court action from the Superior Court for the County of Los Angeles.

DATED:  February 6, 2023

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Lori L. Werderitch*
    LORI L. WERDERITCH
    JOSHUA M. GELLER
    Attorneys for Defendant
    Financial Industry Regulatory Authority, Inc.