Richard Hofman, Esq. (SBN 110692)
29219 CANWOOD ST, NO 101
AGOURA HILLS, CA 91301
Los Angeles, CA 90010
Telephone: (818) 203-6777
Fax: (818) 579-7925
EMAIL:  hofman.r@gmail.com

Attorney for PLAINTIFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RICHARD HOFMAN

             PLAINTIFF,

vs.

FIDELITY BROKERAGE SERVICES,
LLC;(PREVIOUSLY SUED AS FIDELITY
INVESTMENT FINANCIAL SERVICES
CORPORATION); FINANCIAL INDUSTRY
REGULATORY AUTHORITY;
DEPOSITORY TRUST & CLEARING
CORPORATION; AND DOES 3-100,
INCLUSIVE

             DEFENDANTS.

Case No. 2:23-CV-00881-MCS-PVC

~~PROPOSED~~ SECOND AMENDED COMPLAINT

FOR:

1. DECLARATORY RELIEF
2. FEDERAL SECURITIES LAW VIOLATIONS;
3. FEDERAL RACKETEERING &
4. AN ACCOUNTING

COMES NOW Plaintiff, complaining of the DEFENDANTS, and each of them, to wit:

PROPOSED SECOND AMENDED COMPLAINT

Page 1

1.At all times relevant to this action, Plaintiff is a resident of Los Angeles County. Plaintiff is both the owner of Meta Materials shares ("MMAT") as well as the preferred shares in question ("MMTLP"). Said shares were purchased directly from Defendant Fidelity Brokerage Services, LLC ("Fidelity"). Since on or about at latest 12-6-2022, Defendants, and each of them, as a collective enterprise, have attempted to obstruct justice and block Plaintiff and others similarly situated from ascertaining the correct status of the MMTLP position and shares as well as the number of illegal short shares and their current location.

2.Defendant FINANCIAL INDUSTRY REGULATORY AUTHORITY("FINRA'),is

purported to be a quasi-governmental body designed to   closely supervise the activities undertaken by participants and to legitimately conduct their activities to both establish stability and fairness

in the  market and protect investors. Finra is located in Washington Dc but by their conduct has impacted plaintiff with regard to both MMTLP &MMAT shares. Moreover, relying on fraudulent documents, without seeking authorization, seemingly "losing" relevant form 211 reports, Finra helped establish the improper trading of MMTLP through the  use of obviously fraudulent means to the harm of Plaintiff and others similarly situated. **FINRA is designed to protect America's investors by making sure the broker-dealer industry operates fairly and honestly but has acted in their own self business interests without regard to retail investors and outside of any regulatory capacity. Upon information and belief, Finra and the other named defendants**

PROPOSED SECOND  AMENDED COMPLAINT

Page 2

**herein, acted collectively in a criminal manner by knowingly permitting and benefitting from the illegal trade of naked shorts.**

      **A.** Plaintiff alleges, upon information and belief, that this is analogous to a Res ipsa Loquitur

case. Plaintiff alleges that unlike a found sponge after surgery, that Plaintiff, and tens of thousands of retail investors, bought securities from Fidelity, with the assistance of the other named defendants, and does to be named later, <u>and have not delivered such securities or anything of value</u> (despite being paid for same). Moreover, collectively and individually, they have sought to cover up and hide the intentional misconduct that has occurred herein. Plaintiff alleges, on information and belief, that this includes, but is not limited to, Finra apparently backdating the purported deletion of MMTLP to 12-13-2023, when the deletion code was deceptively and intentionally first presented on 2-16-2023 (in addition to illegally permitting the trading of MMTLP in the first place despite relying on false documents and ignoring information provided to it. This also includes the parties collective efforts in December 2022 and prior to conceal the existence of illegal short positions in return for financial gain and or other renumeration.

      B. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have engaged in and or aided and abetted money laundering and tax evasion. Namely, that Defendants, in the securities' system, have knowingly either permitted the trading of, brokered or settled transactions involving naked and illegal short shares such as MMTLP & MMAT herein in December 2022 and earlier (that did not exist) thereby diluting and harming the interests of Plaintiff, herein, and thousands of shareholders similarly situated. Moreover, they have also permitted those holding short positions such as in MMTLP and including those generated as late as December 8, 2022 and specifically involving Plaintiff's shares purchased in December 2022,not to close those positions, so that those holding those short positions never had to recognize their profit, were able to evade taxes and launder the

money for other purposes. Those proceeds should have been in the coffers of the United States, lowering borrowing costs for the country, decreasing taxes and thereby also harming Plaintiff directly. Further, upon information and belief, Plaintiff alleges that Defendants, and each of them, have knowingly permitted zombie companies, those with no legitimate trading, who have misappropriated MMTLP Cusip numbers , to hide the tracks of the naked short shares. Moreover, upon information and belief, Plaintiff alleges that Defendants, and each of them actively suppressed the identification of the illegal short positions, including, but not limited to, with MMTLP & MMAT in or about December 2022, using off shore or foreign ADR's to illegally hide the naked short positions in MMTLP,MMAT and other such securities.. Moreover, the purported shares held by Fidelity on behalf of Defendant cannot be validly transferred to any designated transfer agent, AST per the S1 filing, and currently and for all purposes are dead and valueless imaginary shares purportedly accounted for by Fidelity in their books.

3.Defendant the Depository Trust & Clearing Corporation ("DTCC"), settles transactions between buyers and sellers in the securities' markets and helps preserve the integrity of the markets. In this case, DTCC helped facilitate the illegal shorting of illegal shares thru its unbridled settlement procedures in conjunction with the actions of the other defendants and has also acted to intentionally suppress disclosure of its involvement in the settling of naked short positions, including but not limited to with MMTLP &MMAT in December 2022. The DTCC is located in New York. At no point in time did Finra or the DTCC act in any regulatory or official capacity with regard to the transactions involving MMTLP. Their involvement only concerned the personal business of members of Defendants or the entity as a whole and was intentional and illegal conduct that cannot be construed as regulatory in any capacity.

4. As of 2-16-2023, upon information and belief, and communications from numerous

shareholders, although Defendants offered or participated in the transactions in which Plaintiff paid monies for MMTLP & MMAT shares, as of this date, upon information and belief, and the nature of this and other transactions,  Plaintiff  does not possess the MMTLP shares, nor any shares arising from the MMTLP shares, anything of value, anything legal or  in existence and has also been charged usurious interest thru Defendants. Additionally, the purported valueless security contained within Plaintiff's Fidelity account is not transferable nor tradeable and even if it existed in theory has no value or use. Moreover, all Defendants, and each of them, have acted in concert, in furtherance of their conspiracy, to withhold relevant and determinative information from Plaintiff and others similarly situated with regard to the status of the MMTLP transaction. Almost 75 days has elapsed since this transaction was interrupted..

5. Plaintiff is informed and believes, and thereon alleges, that Defendants, collectively, and, for their individual and collective benefits, have set up a Corrupt and Unlawful trading system whereby  Defendants, and those similarly situated, are treated in a manner inconsistent with and above the law and to the harm of retail investors.

6. There is an incestuous relationship that exists between the so called regulatory bodies and the financial institutions, hedge funds, market makers, clearing firms etc. The career path of those in the so called regulatory bodies is thru the private financial firms. There is an inherent unsalvable conflict of interest that exists in the system to the detriment of retail investors. This is exacerbated by the fact that in  private arbitrations often necessitated in ordinary single party disputes, that Defendants further attempt to shield their criminal and tortious misconduct by making such arbitrations private and not transmissible live or via video to the public. In the

instant, even if a conspiracy was not asserted between the defendants, how could Finra or any regulatory agency arbitrate a dispute in which they are a defendant?

7.   Upon information and belief, and based thereon, Plaintiff alleges that as to the referenced conspiracy amongst all defendants herein, there are additional defendants currently unknown that will be added as discovery produces more facts. Again, Defendants have intentionally suppressed and continue to suppress and or destroy the release of information related to the MMTLP shares and positions in order to make the discovery of specific evidence difficult. Upon information and belief same also constitutes obstruction of Justice.

8.   The conspiracy at issue herein is that the securities system, including the named Defendants to date, knowingly and intentionally, have offered for sale and sold shares that they knew were not lawful or tradeable securities to Plaintiff, and others similarly situated, regarding MMTLP & MMAT. Further, that they sold and or traded illegal short shares that did not even exist; that they borrowed shares from MMTLP shareholders holding long positions without knowing consent to directly reduce the value of such long positions in a direct conflict of interest and contrary to the laws prohibiting naked short selling. Moreover, that Defendants, and each of them, worked in a collective enterprise, to shield the group from liability and financially benefit the collective group by continuing the cycle of naked and illegal shorting.

9.   Additionally, and upon information and belief, that this conspiracy, amongst all Defendants, included not only hiding the existence of illegal short shares, although they knew they existed (and that Defendants, and each of them, specifically and financially benefitted from same) but Defendants, and each of them, intentionally failed to require Hedge Funds and Market Makers (to be discovered) to close their positions. This failed to create a taxable event

PROPOSED SECOND AMENDED COMPLAINT

depriving the citizens of the Country tax money, creating a greater national debt with higher national interest payments, negatively impacting the national economy as well as also seemingly constituting money laundering under both Federal and State statutes. Moreover, these actions harmed retail investors like plaintiff by illegally reducing the value of their holdings.

10.. Upon information and belief, Defendants, at al times relevant herein, acted with the intention to harm retail investors. All named Defendants were doing business within Los Angeles, County at the time of the issuance of the MMTLP & MMAT shares and until today have influenced and impacted plaintiff's transactions generated in California. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 3 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

11.Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency, employment and/or joint venture.

12. As these processes required multiple parties to complete the transaction, and since all defendants were aware of and participated in each, directly or indirectly, they all have

PROPOSED SECOND AMENDED COMPLAINT

Page 7

responsibility for the conduct which ensued. Upon information and belief, The conduct complained of was conduct by a criminal enterprise, a gangland association of many wrongdoers working in concert and knowingly contrary to the law.

13. At all times relevant hereto, Defendants, and each of them, and enhanced by the special relationship created by the fiduciary nature of the roles of the parties, owed a duty of care and good faith and fair dealing with regard to any transaction entered into by the parties and with regard to all of the dealings between Plaintiff and Defendants as alleged herein.

14. Plaintiff is informed and believes, and thereon alleges, that the Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on Plaintiff's claims or assertions only, and are not to be taken as judicial admissions by Plaintiffs of any fact or facts in dispute in this action.

## FIRST CLAIM FOR RELEIF:DECLARATORY RELIEF

### (AGAINST ALL DEFENDANTS)

15.    Plaintiff  re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein. This claim arises out of Securities violations as to the trading of naked short shares, Racketeering violations & the aiding and abetting of tax evasions and money laundering.

16.    In December 2022, on multiple occasions, Plaintiff purchased shares of MMTLP offered through Fidelity. At about the same time, Plaintiff was also the owner of MMAT shares .

PROPOSED SECOND AMENDED COMPLAINT

Page 8

Plaintiff purchased the MMTLP shares with the understanding provided thru Fidelity (and backed and supported and controlled by the other named defendants and does to be named later) that Plaintiff could trade the stock up until and thru December 8, 2022, or wait until MMTLP went private on or about December 13, 2022 and receive Next Bridge Hydrocarbons ("NH") shares. NH is a private company in the oil and gas business which in essence was a dividend received related to MMAT and has substantial oil and gas assets of value. It was represented in or about December 2022, through Finra approved Corporate Action notices, that MMTLP would trade on 12-9 & 12-12 (to close positions etc. where there were unaccounted for unavailable illegal short shares and very high demand) but it did not trade. Plaintiff is informed and believes, and thereon alleges, that Defendants were aware no later than 12-5-2022 that MMTLP would not trade after 12-8-2022 but intentionally suppressed such information for the benefit of those holding short positions legal or illegal. Moreover, that Plaintiff in fact purchased shares of MMTLP after that 12-5-2022 date and was harmed by that intentional suppression.

17. With the consent and participation of the other defendants, Fidelity represented, marketed and expressly and implicitly stood behind the legitimacy of the MMTLP shares they sold to Plaintiff (and California and National residents in total). Fidelity, with the assistance, settling, confirmation and affirmation by the other defendants, accepted and acknowledged that MMTLP was to be traded through 12-8-2022 with a commensurate right to obtain the right to either sell the MMTLP shares (by the end of business 12-12-2022) cover and close extensive short positions on 12-9 & 12-12 or move those MMTLP shares following their move into the private oil and gas entity- (NH without having to do anything further or paying any monies as referenced in the approved S1 form).

PROPOSED SECOND AMENDED COMPLAINT

18. Seemingly available, but highly unlikely , even If purchases of MMTLP occurred after 12-8-2022, It was understood and represented that those shares would not be entitled to the NH option ,and no matter what, the MMTLP shares  would not trade after 12-12-2022.

19. Plaintiff alleges on information and belief, and on that basis asserts, that Fidelity and the other Defendants, and each of them, knowingly assisted Market Makers who illegally have shorted synthetic nonexistent shares of MMTLP & MMAT stock and sold those nonexistent shares to Plaintiff and other California residents, in violation of SEC REG SHO, the 1934 Securities Act sections 10 & 10b-5 anti-fraud provisions, the federal racketeering and state Rico statutes and a myriad of other federal and State  laws and statutes including Cal. Corp. code 25501. Defendants, and each of them suppressed the fact that MMTLP would not trade after the 12-8-2023, and indicated to the contrary. Plaintiff relied on the fact that the shares offered by Fidelity were legitimate, had value, were freely transferable and that Plaintiff would have access to such shares.

20. In light of Fidelity's marketing and selling counterfeit and nonexistent shares of MMTLP to plaintiff, while maintaining that the Shares were legitimate and with the full knowledge and support of the other defendants who also provided the market and support for such illegal transactions, long prior to November 16, 2022, Fidelity and the other defendants knew of the existence of hundreds of millions of illegal synthetic short shares of both MMTLP & MMAT.. Upon information and belief, Plaintiff alleges, that at latest on 11-16-2022, Fidelity, and the other Defendants, were aware of the fact that there were upwards of 1,000,000,000

PROPOSED SECOND  AMENDED COMPLAINT

Page 10

illegal nonexistent shares outstanding as to MMTLP as of that date. Moreover, and suppressed by Fidelity, they knew that the Securities were problematic and should be offered for sale to clients Moreover, although Fidelity and the other defendants knew that the MMTLP shares were bogus, after 11-16-2022 and up thru 12-8-2022, Defendants, continued to sell and offer and facilitate the sale and offer and settlement of the fake MMTLP shares as if they were legitimate securities including, but not limited to Plaintiff..

21. Upon information and belief Plaintiff alleges that despite their knowledge of the existence of illegal shorts at latest on 11-16-2022, Defendants, and each of them, supported the purported trading of MMTLP shares to Plaintiff and others up thru 12-8-2022, because there was an agreement amongst Defendants that the short positions would not have to cover, that MMTLP would be prevented from squeezing,  that the Defendants would work as a united collective to avoid any liability to retail shareholders that could have  approached a trillion dollars and that they would deny the existence of illegal shorting.

22. Prior to 12-8-2022, Plaintiff knew that Because MMTLP was going to be  moved into a private corporation (NH), that Fidelity and the other Defendants knew: 1. That the Market Makers who had illegally shorted MMTLP with the assistance of and facilitated by Fidelity and the other defendants, had to cover an enormous number of  shares by a date certain (12-12-2022) & 2. That the shares they needed to cover their illegally created short positions **did not exist—so no cover was possible without a historic share price increase.**

23. Plaintiff alleges, on information and belief, that Defendant Fidelity, who manages Trillions of dollars of public funds, with the assistance of the other Defendants, engaged in the

PROPOSED SECOND  AMENDED COMPLAINT

Page 11

illegal practices referenced above with Market Makers, **facilitating the creation of illegal Synthetic shares**, because those Market Makers supply Fidelity with significant income and revenue and " protection." Plaintiff alleges, on information and belief, that in light of the incestuous relationship of the Finance industry to the regulatory bodies, that at best the regulators have been intentionally inept in protecting the rights of investors. Both Finra and the DTCC knowingly provided assistance to Fidelity and market makers to get these illegal transactions completed. Moreover. they suppressed and concealed the existence of the illegal short sales thereby diluting plaintiffs interests and facilitating tax evasion and money laundering by those holding nonexistent short positions. Plaintiff is informed and believes that all of this was done for Defendants' personal gain and or other benefit.

24. In light of Defendant's knowledge of the situation, in light of the pending trading termination date (12-12-2022), starting 11-16-2022, at latest, Fidelity and the other Defendants realized, and were on notice, that it would further exacerbate the risk to the entire financial system, if they continued to help facilitate the continued the illegal shorting of MMTLP stock (as there were significantly fewer shares existing then were needed). Moreover, continuing this improper practice breached a fiduciary duty owed by Fidelity to its client's including all those in California who were long on MMTLP, like Plaintiff.

25. Despite that, Fidelity, and the other named and non-named Defendants, who were already aware of the improper shorting tactics, even during the week of 12-5-2022, continued to help facilitate the shorting of MMTLP shares (even illegally after there was a trading halt upon information and belief) and to Plaintiff. That resulted in a monumental shorting day where

PROPOSED SECOND AMENDED COMPLAINT

Page 12

approximately 80% of the day's volume  was shorted on 12-8-2022 dropping the MMTLP share price from over $8 to under $3  in one trading day.. That  there was  historic shorting on 12-8-2022 did not make sense. Per the time frames, it was understood and logical, that in light of the huge amount of  synthetic illegal  short shares <u>and the need to cover with an impending date,</u> that short sellers, with the assistance of Defendants,  would need to immediately  buy to cover (not short) <u>hundreds of millions</u> of shares of a stock that only had 165,000,000 shares in the float. Because of the halt, we know that there are millions of short positions created even on 12-8-2022 that have not been covered.

26. Plaintiff is informed and believes, and alleges, that in light of Fidelity's involvement in this criminal enterprise with Market Makers and  the  other named Defendants,  illegally marketing shares that did not exist, to plaintiff and other California residents, that on or about 12-7-2022, and prior, Defendants, and each of them, despite still facilitating the sale of MMTLP shares to plaintiff and others,  knew that contrary to law, that the short Market Makers would not have to legitimately cover their short positions. In light of that knowledge, and despite the fact it breached a fiduciary duty to Plaintiff, Fidelity, and the other Defendants, helped facilitate the illegal shorting of the MMTLP shares up through at least 12-8-2022 (and seemingly after in violation of the subsequent U3 halt).

27. Because Fidelity marketed and sold MMTLP shares and because of the nature of the transaction and dividend of the preferred stock (MMTLP), not only did Fidelity have a duty to be aware of the details of the MMTLP transaction as a fiduciary to Plaintiff, but there is no way that Fidelity (nor the other defendants) were not aware of all of the essential facts related to the

PROPOSED SECOND  AMENDED COMPLAINT

Page 13

sequence of events.

28. **"Shockingly"** hours after the Market Makers, facilitated by Fidelity and the other named Defendants, shorted the nonexistent MMTLP shares from $8 plus dollars to under $3 on 12-8-2022, Finra placed an extremely rare U3 halt on trading (After not doing so during trading hours). So in essence, after the stock price was nearly cut by 70% on one day, then and only then **(again suspiciously after the close to trading)**was a trading halt put in by FINRA. Plaintiff is informed and believes, and alleges, that prior to 12-6-2022, Fidelity, Finra and the DTCC were aware that a trading halt would be put in place on 12-8-2022 after the close of business but still let retail investors purchase fake MMTLP shares like plaintiff.

29. Plaintiff is informed and believes and thereon alleges that the  U3 halt placed by Defendant Finra with the knowledge and consent of the other Defendants, was a criminal act, designed by Defendants to attempt to hide the existence of the illegal short shares that did not exist and harmed people like plaintiff. It was designed and part of the conspiracy to shield all defendants and their financial interests from financial exposure and was purely a personal illegal business act and obstruction of justice.

30.As a proximate result of the misconduct of Fidelity and the other Defendants, not only did Plaintiff lose the right to sell its MMTLP stock in a market with maniacal buying and rising prices due to stock specific reasons, but Fidelity and the other defendants collectively also terminated Plaintiff's rights to even decide if  they  wanted to go into NB. Moreover, and contrary to the fiduciary duty owed to Plaintiff, Fidelity, Finra, the DTCC and other currently unnamed Defendants, helped facilitate a circumstance where the Market Making Short Sellers

did not have to close and cover their positions (potentially saving them Billions of dollars and putting substantial sums in the pockets of Defendants, depriving taxpayers of needed funds, and directly harming plaintiff and the residents of California and this country). Moreover, plaintiff has received nothing.

31`. From 12-9-2022 thru 12-12-2022, despite attempts by Plaintiff to trade MMTLP, Fidelity refused to execute Plaintiff's trades or provide any meaningful information. This is despite the fact that the ticker price on MMTLP changed in Plaintiff's account after the 12-8-2022 effective day of trade halting. As of 2-1-2023, not only are real shares of either MMTLP or HB not available in Plaintiff's account, but the investment sum corresponding to those shares has also been extinguished from Plaintiff's account. Moreover, and unlawfully, and in violation of usury other laws, Fidelity is asserting a charge against plaintiff's margin account on a security seemingly misappropriated or lost by Fidelity and coordinated with the other defendants. Moreover, not only is Fidelity charging margin interest and principal, but after the trade halt they increased the maintenance amount and increased margin (and Fidelity's financial return) again unlawfully and contrary to the interests of Plaintiff and the citizens of this State..

32. There is an actual case and controversy related to the legal rights and duties of the respective parties that will be clarified or settled by the relief requested. Plaintiff is an investor and will face similar circumstances through Fidelity and otherwise in the future too. There is a dispute requiring an immediate determination for Plaintiff and the citizens of California...Plaintiff contends that Fidelity, Finra the DTCC and other Defendants have facilitated the unlawful shorting of nonexistent shares of MMTLP (and other securities) to the

detriment of Plaintiff and the citizens of California. Plaintiff asserts that Fidelity and the other defendants are engaged in a criminal enterprise with Market Makers, helping them undertake conduct contrary to the interests of Plaintiff and the citizens of California and contrary to law. Plaintiff also asserts it is entitled to a damage award for such conduct and requests that the Court order the same. Plaintiff believes that Defendant will deny this. Due to the exigency, an immediate determination is required.

33. Plaintiff further requests that the Court order that Fidelity, Finra, DTCC and the other Defendants may not continue to market, sell or otherwise be involved in any respect in the unlawful shorting of any shares of stock in California or to California residents. As plaintiff is an ongoing investor, these situations are likely to repeat and a declaration as to the permissibility of conduct will settle disputed positions.

34. Finally, Plaintiff requests that the Court make a finding that all Defendants are engaged in Racketeering as defined under the Federal Rico laws (See 18 U.S.C 1961) and under the California Control of Profits Act (as defined in Penal Code 186). Plaintiff has engaged in multiple predicate acts, in a criminal enterprise with Market Makers and others, that has affected interstate commerce in violation of 18 USC 1961-1962.. Moreover, Fidelity is an important member of this criminal enterprise and that it has involved a pattern of criminal activity including but not limited to the knowing sale and marketing of nonexistent and counterfeit shares of securities across state lines affecting interstate commerce on multiple occasions within the last 3 months to plaintiff.

35. Plaintiff further requests a finding that the actions of creating a system that permits the trading of illegal nonexistent shares, is a violation of the Due process clause of the both the Federal and State constitution and by extension in violation of plaintiff's civil rights constitutes a Violation of title 42 Section 1983. The rights to declaratory relief also arise out of the written agreement involved herein between Fidelity & Plaintiff and Finra is a quasi-governmental entity funded through government permission and regulated and who acts like a governmental entity.

## SECOND CLAIM FRO RELEIF :SECURITIES FRAUD

### (AGAINST ALL DEFENDANTS)

36.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein. Plaintiff asserts a violation of the Exchange Act and specifically violations of sections 10b.

37.Defendants, and each of them, concealed material facts about MMTLP from Plaintiff at latest in or about December 1, 2022. This included, but not limited to that MMTLP had too many short positions to permit it to trade on 12-8 & 12-12; That Fidelity knew as of 11-15-2022 that due to issues that it could not offer shares of MMTLP for sale to Plaintiff but still did in December 2022; Defendants, in or 11-15-2022 further concealed the fact that Fidelity would charge Margin interest on MMTLP shares that were not delivered to plaintiff; In December 2022 that Defendants further concealed that they were assisting Market makers and others to hide illegal short positions and to assist them in diluting the value of Plaintiff's MMTLP shares

and to aid and assist the other defendants in evading taxes and laundering monies. That they concealed with the consent and assistance of the other defendants the true nature of the MMTLP shares, as up through 12-8-2022 Fidelity marketed and expressly and implicitly stood behind the legitimacy of the illegal and counterfeit MMTLP shares they sold to Plaintiff (and California and National residents in total). Fidelity, with assistance, confirmation and affirmation by the other defendants, accepted and acknowledged that MMTLP was to be traded through 12-8-2022 with a commensurate right to obtain the right to either sell the MMTLP shares (by the end of business 12-12-2022)  or move those MMTLP shares following their shift into the private oil and gas entity-  It was also understood that short positions would have to cover their positions on 12-9 and 12-12 and that not only would demand for shares be super high but not enough shares were available to cover the illegal positions. Moreover, Defendants, and each of them further suppressed the fact that prior to selling Plaintiff its fake MMTLP shares in December 2022, that they knew that the short positions would not have to cover their MMTLP positions. Suppression of the actual facts of each statement offered above which was concealed was material. All suppressed facts were misleading as they omitted the true character of the Naked MMTLP shorts and that when and if they could be traded The suppression of the true facts as to the synthetic MMTLP shares in December 2022 and earlier, by all defendants,  and each of them, intentionally concealed the true facts about the MMTLP shares  for Defendant's  personal gain and to protect market makers' hedge funds and others and to leave the door open for future transactions and relationships in which Defendants, and each of them, could individually benefit financially. If Defendants, and each of them, had not suppressed the true information, Plaintiff and others would not have purchased the MMTLP shares and endured the current trauma. The information

PROPOSED SECOND AMENDED COMPLAINT

Page 18

referenced above that was concealed by Defendants, and each of them, starting at latest on 11-15-2022, related to and was material to Plaintiff's decision to purchase the MMTLP shares and if Plaintiff had been provided the true facts that would have altered his position to purchase MMTLP shares. As a result of the actions of Defendants, and each of them, plaintiff has suffered monetary losses, according to proof, has suffered emotional distress, and has spent hundreds of hours trying to ascertain the nature of the fraud that has been perpetrated. The concealed facts have placed Plaintiff in the position he is today where he has been financially harmed.

38. Plaintiff alleges on information and belief, and on that basis alleges, that Fidelity and the other Defendants, and each of them, knowingly assisted Market Makers who  shorted synthetic nonexistent shares of MMTLP & MMAT stock and sold those nonexistent shares to Plaintiff and other California residents, in violation of SEC REG SHO, the 1934 Securities Act section 10b & 10b5, common law fraud under California law Corp Code 25501, and other applicable statutes. In this action in Federal Court plaintiff is only seeking relief for Federal Securities Violations, violations of the Exchange Act and specific 10B and 10B-5 violations.

39. Contrary to what Defendants represented, the MMTLP shares were not legitimate, Plaintiff could not dispose of the shares the way it was promised, and to add insult to injury, at the same time, and contrary to Fidelity's fiduciary duty owed to Plaintiff, plaintiff is informed and believes and thereon alleges, that they further  enabled and facilitated the illegal short selling that reduced the value of Plaintiff's holdings by lending out MMTLP shares for profit. But for all the false promises, Plaintiff would never have engaged in this transaction through Fidelity or at

all.

40. As a proximate result of the harm caused by the intentional misconduct of Defendants, and each of them, Plaintiff has been harmed in a sum according to proof.

41.. The concealment of facts perpetrated  Defendants were knowingly false and designed and intended to get Plaintiff to rely on same to induce Plaintiff to give Defendants money to be used by Defendants against the interests of Plaintiff. In actuality, and contrary to their promises, Defendants intentionally and with malice lied about the transactions as to MMTLP  to the harm of Plaintiff.

42. The conduct undertaken by Defendants, by and through their agents, was known and authorized by the management of Defendant, Fidelity, and the other Defendants, and was undertaken with ill will, evil intent and with the specific desire to misappropriate Plaintiff's monies. As such, and in light of the malicious acts of Defendants, and each of them, Plaintiff is entitled to an award of punitive damages according to proof.

### THIRD CLAIM FOR RELIEF:CIVIL- RICO

(AGAINST ALL DEFENDANTS)

43.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. In violation and pursuant to the Federal Rico statute, <u>18 USC 1961-1962, and the commensurate California Control of Profits Act (penal Code 186)</u> all named Defendants engaged in Racketeering, in that they conspired and worked together to collectively sell and market illegal and counterfeit MMTLP short shares, repeatedly, across state lines, impacting interstate commerce, sold and transacted to plaintiff on at least 2 occasions within 2 days within the last 3 months. The specific conduct at issue was the hiding of the existence of illegal MMTLP and other security  short shares, the enabling of market makers, hedge funds to evade taxes and launder money to the harm of Plaintiff and all U.S. taxpayers including but not limited to MMTLP, and the unauthorized dilution of the value of the MMTLP shares sold to Plaintiff in Dec 2022 which were also not provided to plaintiff. Upon information and belief this involved multiple acts of suppression in December 2022 involving Plaintiff and MMTLP. Defendants, and each of them, facilitated tax evasion by not requiring short positions to close their positions, by not reporting short positions that had been transferred off shore, and by permitting the illegal transfer of illegal short shares to zombie entities that did not trade and really did not function as viable entities. Upon information and belief such multiple acts, occurring in December 2022 and at various other times but suppressed by Defendants, were conducted collectively with the assistance and or non-opposition of all defendants. All of the Defendants formed a collective enterprise for the purpose of hiding the misconduct related to the illegal shorting of securities like MMTLP for financial benefit and other renumeration.. The multiple acts, occurring with

regard to Plaintiff and MMTLP multiple times in December 2022 as to hiding the status of MMTLP short shares and others as to Plaintiff, and based on other securities and other instances of such misconduct as to other securities, including, but not limited to Dole pineapple. The suppression of the illegal conduct pertaining to naked shorts constitutes a pattern of actionable misconduct that is continuing and will continue unless stopped. Upon information and belief, the misconduct collectively constitutes racketeering activity per statute, in that it constitutes a series of illegal actions as to MMTLP and other securities, in December 2022 that facilitated tax evasion and money laundering as well as the suppression of the existence of illegal short positions and obstruction of justice. Plaintiff is informed and believes and thereon alleges that all shares of MMTLP stock sold to him in December 2022, in multiple transactions, were illegal nonexistent shares.

45. There is a pattern of illegal conduct with regard to the illegal selling, marketing and disguising of the existence of illegal short shares including but not limited to MMTLP. The activity concerns at least 2 acts of selling counterfeit shares, of engaging in wire fraud, attempting to obstruct justice by blocking discovery and other such illegal and multiple acts occurring in the last 3 months in 2022 as to MMTLP and plaintiff. The enterprise concerns the relationship between all of the named defendants and their agreement to undertake and continue to undertake illegal acts for financial gain with regard to the illegal shorting of MMTLP shares and the mutual agreement, upon information and belief, to try and hide those illegal acts..

46. As a proximate result of Defendants, and each of their illegal enterprise, Plaintiff has been harmed in an amount according to proof and is entitled to treble damages.

## FOURTH CAUSE OF ACTION OF:ACCOUNTING

(AGAINST ALL DEFENDANTS)

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48.Pursuant to Plaintiff's brokerage account with Defendant, Fidelity, and pursuant to the fiduciary and special relationship Defendants held as to Plaintiff , Defendant, Fidelity and the other named Defendants, owed a duty of care to Plaintiff, and the citizens of this State, with regard to holding, using and accounting for the monies Plaintiff provided to Defendants and the securities that are legitimately held. Plaintiff has no idea as to the legitimacy of what is in his account or as to the calculations of same and the trail. In essence Defendant is refusing to account. The true balance due to Plaintiff can only be ascertained by an accounting.

49. As a proximate failure of Defendants to provide an accounting, Plaintiff has been harmed and is entitled to a full and complete accounting as to each defendant.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief as referenced in each Cause of Action as follows:

PROPOSED SECOND AMENDED COMPLAINT

Page 23

***As to all causes of action where applicable***:

1.      For damages according to proof.

2.      For General Damages in an amount to be determined by proof at trial.

3.      For punitive damages and treble damages where applicable.

4.      For a full and complete accounting.

5.      For reasonable attorney fees

6.      For any prejudgment or other interest according to law; and

7.      For such other and further relief that the Court deems just and proper.

8.      As to the Declaratory Relief claim, a finding that:

    a. Defendants have intentionally sold nonexistent  and counterfeit  shares of MMTLP;

    b. That Defendants have set up a scheme whereby the holders of illegal shorts did not have to close their positions constituting Tax evasion and Money laundering;

    c. That Defendants have violated Plaintiff's Due process rights per the 5th amendment of the U.S. constitution;

    d. That Defendants have violated Plaintiff's Civil Rights per 42 USC 1983.

    e. That Defendants have engaged in multiple collective acts of criminal misconduct and racketeering to the detriment of Plaintiff as to the MMTLP;.

    f. For An order of the Court  that Fidelity, Finra & DTCC and the other Defendants may not continue to market, sell or otherwise be involved in any respect in the unlawful shorting

PROPOSED SECOND  AMENDED COMPLAINT

Page 24

of any stock in California or to California residents;

        G. That the Court award damages to Plaintiff according to proof

Dated:  February 16,2023        RICHARD HOFMAN

By:    _____

           Attorney for Plaintiff